IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00430-GPG
(**The above civil action number must appear on all future papers
  sent to the court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

ELAINE SMITH,

      Plaintiff,

v.

ADAMS COUNTY COURT DIVISION 5,
COLORADO PAROLE BOARD,
GREELEY PAROLE OFFICE, and
THE PHONEIX CENTER,

      Respondent.

---

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Plaintiff, Elaine Smith, is currently incarcerated at the Jefferson County Detention Facility.  On February 22, 2016, she initiated this action by filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2) and a Prisoner Complaint pursuant to 42 U.S.C. § 1983, in which she requests to be released from custody (ECF No. 1).

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Plaintiff will be directed to cure the following if she wishes to pursue her claims.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

Plaintiff may not raise a request for release in a § 1983 action.  A challenge to the execution of a sentence should be raised in a habeas action.  *See Boutwell v.*

*Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ( "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.").  A 28 U.S.C. § 2241 action is the proper manner to challenge the execution of a sentence.  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir.1997) (holding that § 2241 is the appropriate vehicle to attack the execution of a sentence, including the deprivation of good-time credits).

Plaintiff may proceed with a § 1983 action if she desires only to challenge the conditions of her confinement.  If she is challenging the conditions of her confinement, the relief requested cannot be release from custody.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)     __     is not submitted
(2)     __     is missing affidavit
(3)     __     prisoner's trust fund statement is not certified
(4)     __     is missing required financial information
(5)     __     is missing an original signature by the prisoner
(6)     __     is not on proper form (must use the Court's current form)
(7)     __     names in caption do not match names in caption of complaint, petition or habeas application
(8)     __     An original and a copy have not been received by the court.  Only an original has been received.

(9)     X     other: **If Plaintiff is seeking habeas relief, she must file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the court-approved form.**

**Complaint, Petition or Application**:
(10)   __     is not submitted
(11)   __     is not on proper form (must use a Court-approved form)
(12)   __     is missing an original signature by the prisoner
(13)   __     is missing page nos.
(14)   __     uses et al. instead of listing all parties in caption
(15)   __     an original and a copy have not been received by the court.  Only an original has been received.

(16) __ sufficient copies to serve each defendant/respondent have not been received by the court.

(17) __ names in caption do not match names in text

(18) _X_ other: **If Plaintiff desires to challenge the execution of her sentence, she must file her claims on a Court-approved form used in filing 28 U.S.C. § 2241 actions.  If she is challenging the conditions of confinement, her request for relief cannot be release from custody.**

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that if Plaintiff desires to challenge the execution of her sentence, she shall obtain the proper Court-approved forms for filing a 28 U.S.C. § 2241 action and a request to proceed pursuant to 28 U.S.C. § 1915 in a habeas action (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at  www.cod.uscourts.gov. for use in curing the deficiencies.  It is

FURTHER ORDERED that if Plaintiff desires to challenge the conditions of her confinement, she shall obtain the proper Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at  www.cod.uscourts.gov. for use in curing the deficiencies.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order,** the action will be dismissed without further notice.

DATED February 25, 2016, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge