IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00430-GPG

ELAINE SMITH,

    Applicant,

v.

ADAMS COUNTY COURT DIVISION 5,

    Respondent.

## SECOND ORDER TO CURE DEFICIENCIES

    Applicant, Elaine Smith, is currently incarcerated at the Jefferson County Detention Facility. On February 22, 2016, she initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, in which she requested to be released from custody (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 2).

    On February 25, 2016, the Court reviewed the documents pursuant to D.C.COLO.LCivR 8.1(b) and determined that they were deficient. Magistrate Judge Gallagher directed Ms. Smith to cure the designated deficiencies if she wished to pursue her claim in this action. Specifically, Ms. Smith was instructed that she may not raise a request for release from custody in a Prisoner Complaint. (ECF No. 4 at 1). A challenge to the execution of a sentence should be raised in a habeas action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ( "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested

1

would result in the prisoner's immediate or speedier release from that confinement."). A 28 U.S.C. § 2241 action is the proper manner to challenge the execution of a sentence. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir.1997) (holding that § 2241 is the appropriate vehicle to attack the execution of a sentence, including the deprivation of good-time credits). Therefore, Ms. Smith was instructed to file a § 2241 habeas application on the court-approved form if she was seeking to challenge the execution of her sentence.

In response, Ms. Smith filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), a "Motion for Credit for Time Served" (ECF No. 8), and a "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action" (ECF No. 7). As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are also deficient. Applicant will be given one last opportunity to cure the following if she wishes to pursue her claim in this Court in this action. Any papers that Plaintiff files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   __   is not submitted
(2)   __   is missing affidavit
(3)   __   prisoner's trust fund statement is not certified
(4)   X   is missing required financial information **(no inmate account information was attached).**
(5)   __   is missing an original signature by the prisoner
(6)   X   is not on proper form **(must use the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action form *not* the form for appeals).**
(7)   __   names in caption do not match names in caption of complaint, petition or habeas application
(8)   __   An original and a copy have not been received by the court. Only an original has been received.

(9) __ other:

**Complaint, Petition or Application**:
(10) __ is not submitted
(11) __ is not on proper form (must use a Court-approved form)
(12) __ is missing an original signature by the prisoner
(13) __ is missing page nos.
(14) __ uses et al. instead of listing all parties in caption
(15) __ an original and a copy have not been received by the court. Only an original has been received.
(16) __ sufficient copies to serve each defendant/respondent have not been received by the court.
(17) __ names in caption do not match names in text
(18) X   other: **Applicant must include the date when she signs the application.**

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**. Any papers that Plaintiff files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Applicant shall obtain the proper Court-approved forms for filing a 28 U.S.C. § 2241 action and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in curing the deficiencies. It is

FURTHER ORDERED that if Applicant fails to cure the designated deficiencies **within thirty days from the date of this Order,** the action will be dismissed without further notice.

DATED March 17, 2016, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge

3