IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00430-GPG

ELAINE SMITH,

    Applicant,

v.

ADAMS COUNTY COURT DIVISION 5,

    Respondent.

## THIRD ORDER TO CURE DEFICIENCY

Applicant, Elaine Smith, is currently incarcerated at the Jefferson County Detention Facility. On February 22, 2016, she initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983, in which she requested to be released from custody (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915 (ECF No. 2).

On February 25, 2016, the Court reviewed the documents pursuant to D.C.COLO.LCivR 8.1(b) and determined that they were deficient. (ECF No. 4). Magistrate Judge Gallagher directed Ms. Smith to cure the designated deficiencies if she wished to pursue her claim in this action. Specifically, Ms. Smith was instructed that she may not raise a request for release from custody in a Prisoner Complaint. (*Id.* at 1). A challenge to the execution of a sentence should be raised in a habeas action. *See Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ( "[a] prisoner may use § 1983 to challenge the conditions of his confinement," habeas is "the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested

1

would result in the prisoner's immediate or speedier release from that confinement."). A 28 U.S.C. § 2241 action is the proper manner to challenge the execution of a sentence. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir.2000); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir.1997) (holding that § 2241 is the appropriate vehicle to attack the execution of a sentence, including the deprivation of good-time credits). Therefore, Ms. Smith was instructed to file a § 2241 habeas application on the court-approved form if she was seeking to challenge the execution of her sentence.

In response, on March 10, 2016, Ms. Smith filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 6), a "Motion for Credit for Time Served" (ECF No. 8), and a "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action" (ECF No. 7). Again, the Court determined that the submitted documents were deficient. On March 17, 2016, Magistrate Judge Gordon P. Gallagher ordered Applicant to cure certain designated deficiencies if she wished to pursue her claims in this action. (ECF No. 9). Specifically, Applicant was ordered to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the correct court-approved form, to attach the required inmate account information, and to include a date when she signs her § 2241 Application. In response, on April 1, 2016, Applicant submitted an Amended § 2241 Application (ECF No. 10) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 11).

The Court has reviewed Applicant's submitted documents and again finds that they are deficient. Applicant is ordered to cure the following if she wishes to pursue her

claim in this Court in this action. Any papers that Applicant files in response to this

Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  X  is missing certificate showing current balance in prison account (account statement must be certified by the warden or other appropriate officer of the institution in which you are confined)
(5)  __  is missing required financial information
(6)  __  is missing authorization to calculate and disburse filing fee payments
(7)  __  is missing an original signature by the prisoner
(8)  __  is not on proper form
(9)  __  names in caption do not match names in caption of complaint, petition or habeas application
(10) X  other: In the alternative, Applicant may pay the $5.00 filing fee.

**Complaint, Petition or Application**:
(11) __  is not submitted
(12) __  is not on proper form
(13) __  is missing an original signature by the prisoner
(14) __  is missing page nos.
(15) __  uses et al. instead of listing all parties in caption
(16) __  names in caption do not match names in text
(17) __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) __  other:

Accordingly, it is

ORDERED that Applicant cure the deficiency designated above **within thirty days from the date of this Order**. Any papers that Applicant files in response to this Order must include the civil action number on this Order. It is

FURTHER ORDERED that Applicant shall obtain the proper Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov for use in curing the deficiency. It is

Case 1:16-cv-00430-LTB Document 12 Filed 04/07/16 USDC Colorado Page 4 of 4

4

FURTHER ORDERED that if Applicant fails to cure the designated deficiency **within thirty days from the date of this Order,** the action will be dismissed without further notice.

DATED April 7, 2016, at Denver, Colorado.

BY THE COURT:

s/Gordon P. Gallagher
United States Magistrate Judge